IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL SHIP REPAIR & MARINE SERVICES, INC. §<br>　　　Plaintiff, §<br>　　　　　　　　　　　　　　 §<br>v. 　　　　　　　　　　　　 §<br>　　　　　　　　　　　　　　 §<br>TUG BOUCHARD GIRLS (TUG) §<br>her engines, tackle, boilers, etc. *in rem* §<br>v. 　　　　　　　　　　　　 §<br>　　　　　　　　　　　　　　 §<br>TUG BOUCHARD GIRLS CORP., and §<br>BOUCHARD TRANSPORTATION CO. §<br>INC. 　　　　　　　　　　　　 §<br>　　　Defendants 　　　　　　 § | C.A. NO. _____<br>Admiralty Rule 9(h) |

# COMPLAINT

1.  Plaintiff, International Ship Repair & Marine Services, Inc. ("ISRMS") by its attorneys, Hill Rivkins LLP, complaining of the TUG BOUCHARD GIRLS, (tug) *in rem*, TUG BOUCHARD GIRLS CORP., AND BOUCHARD TRANSPORTATION CO., INC, (collectively "Defendants"), alleges upon information and belief:

**A.**

2.  This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

**B.**

3.  At and during all the times hereinafter mentioned, ISRMS is a ship repair and marine service yard engaged in the business of repairing and servicing marine vessels such as the TUG BOUCHARD Girls. Plaintiff brings this action on its own behalf and on behalf of all who may

become interested in the cargo. ISRMS had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4. At and during all the times hereinafter mentioned, TUG BOUCHARD GIRLS CORP. ("TBGC"), AND BOUCHARD TRANSPORTATION CO., INC, ("BTCI") had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel and barge which is currently within the jurisdiction of this Court during its discharge of cargo at The Port of Corpus Christi, Buckeye Terminal Dock No. 1.

### D.

5. Furthermore, to the Plaintiff's knowledge, or on information and belief, defendant TBCG and BTCI, cannot be found within the district. Therefore, under Admiralty Rule B Plaintiff requests the court to enter an order so stating and authorizing process of attachment and garnishment of the vessel to preserve the right of Plaintiff to proceed from any *in personam* judgment against the only known asset of TBCG, which is the TUG BOUCHARD Girls *in rem*. Plaintiff requests that the clerk may issue supplemental process enforcing the court's order upon application without further court order.

### E.

6. On or about December, 2018, at the port of Tampa, Florida, at the request of its authorized manager, BTCI, ISRMS provided the TUG BOUCHARD GIRLS ("the vessel") and defendants TBCG and BTCI, certain materials, repairs and inspections required by the vessel's class society and the vessel's owners and operators, which are essential to the tug's continued

operations under U.S. law. As such, the services provided and repairs accomplished were "necessaries" which give rise to a Maritime lien against the Vessel, TUG BOUCHARD Girls. Although duly demanded, the owners and operators of the vessel TUG BOUCHARD Girls, TBCG and BTCI, have wholly failed and refused to pay for those materials provided and services rendered.

**F.**

7.   Plaintiff is the repairman, materials provider, and service provider engaged by TBCG and BTCI to accomplish certain ordered repairs, services and materials to the TUG BOUCHARD Girls, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the invoices for materials, services and repairs due by the vessel, (Mechanics and Materialman's lien) as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**G.**

8.   Thereafter, the vessel arrived or will arrive at the Port of Corpus Christi, Texas and Plaintiff demands that process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., now in port at Dock No. 1, Buckeye Terminal in Corpus Christi, Texas, as the only known asset of the defendant TBCG, which may be attached under Admiralty Rule B to preserve the asset for a potential future award against defendants TBCG and BTCI, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the tug TUG BOUCHARD Girls, may be condemned and sold to pay for the repair service and material bills now due and owing.

**H.**

9.  Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of NINETY THREE THOUSAND EIGHT HUNDRED AND FOURTEEN AND 00/100 DOLLARS ($93,814.00) for which Plaintiff demands recovery from the defendants, jointly and severally.

**J.**

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs, attorneys fees and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, TUG BOUCHARD Girls, her engines, etc., ,as the only known asset of the defendants TBCG, which may be attached under Admiralty Rule B to preserve the asset for a potential future award against defendants TBCG, ansd BTCI, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to

pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

    4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:   (713) 222-1359
E-mail: dmartin@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF**
International Ship Repair & Marine Services, Inc.

## **VERIFICATION**

THE STATE OF FLORIDA      *
                                         *
COUNTY OF HILLSBOROUGH    *

George H. Lorton, being duly sworn, deposes and says:

I am an officer or director of Plaintiff International Ship Repair & Marine Services, Inc. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

GEORGE H. LORTON

Subscribed and sworn to before me, the undersigned authority, this _12_ day of February, 2019.

JENNY S. CATHCART
MY COMMISSION # GG 004352
EXPIRES: July 30, 2020
Bonded Thru Budget Notary Services

Notary Public, State of Florida
My Commission Expires: 7/30/2020

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, International Ship Repair & Marine Services, Inc. was and now is a Florida corporation with a headquarters located in Tampa, Florida.

**TUG BOUCHARD GIRLS** was at all material times a tug vessel sailing under the U.S. flag. The vessel was built in 1989, its call sign is WAG9386, and its gross tonnage is 589 tons.

Defendant, **TUG BOUCHARD GIRLS CORP., INC,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

58 South Service Road, Suite 150
Melville, NY 11747.

Defendant, **BOUCHARD TRANSPORTATION CO.**, was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

58 South Service Road, Suite 150
Melville, NY 11747.